USCA1 Opinion

 

 October 30, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 95-1228 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. JOSE GONZALEZ, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Lynch, Circuit Judge, _____________ Aldrich and Campbell, Senior Circuit Judges. _____________________ ____________________ Marcia G. Shein with whom Law Office of Miller and Shein was on _______________ _______________________________ brief for appellant. Geoffrey E. Hobart, Assistant United States Attorney, with whom ___________________ Donald K. Stern, United States Attorney, was on brief for appellee. _______________ ______________________ ____________________ ____________________ Per Curiam. Appellant, who pled guilty to ___________ conspiracy and to possession of cocaine with intent to sell, appeals because of the sentencing court's failure to allow a three point reduction in his base offense level for acceptance of responsibility. U.S.S.G. 3E1.1. We affirm. The appeal is a classic example of taking off on the wrong foot. Appellant's brief flatly charges the court with "totally disregarding the plea [agreement]." "Appellant specifically bargained for, and expected, . . . the three- point reduction . . . when entering his plea." This was not so. The agreement is to be read as a whole for what it was. It was between the parties. Appellant fails to recognize that though it stated he was entitled to a three point reduction for acceptance of responsibility, the agreement was that the government would so recommend at sentencing, and expressly recited that it was not binding on the court. In addition, the court orally repeated this admonition to appellant before accepting his plea. The Presentence Report originally recommended that appellant be recognized as accepting responsibility. Thereafter, however, a supplementary report recited new information tending to show appellant's previous statements about his role to be "an extreme minimization of his true offense behavior." The government acknowledged that it was -2- nonetheless bound by the agreement, and recommended the reduction. Appellant was allowed to address the court before the sentencing, besides presenting his case through counsel.1 The court ultimately ruled, I do not find on the totality of the record before the Court that there's any genuine acceptance of responsibility here. The record was short, but there was adequate foundation for the court's conclusion. See United States v. Royer, 895 F.2d ___ _____________ _____ 28, 29, 30 (1st Cir. 1990). Appellant spoke frequently of his children -- which the court said was irrelevant -- of the taxes he had paid, and the information he had given the government -- which the prosecutor felt had not been truthful -- and, generally, how, though guilty, he was not as bad as was made out. Acceptance of responsibility involves more than repetition of a formula. Id. at 30; United States v. ___ ______________ Ocasio-Rivera, 991 F.2d 1, 4 (1st Cir. 1993). The burden is _____________ on the defendant to prove entitlement to a reduction, id., ___ and we see no clear error. Id. at 5 ("[w]here a defendant ___ resorts to evasions, distortions, or half-truths in an effort to minimize his culpability," the court may withhold acceptance-of-responsibility credit under 3E1.1). Affirmed. ________  ____________________ 1. The court took this step because appellant had requested a second change of counsel and the court refused. -3-